UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sean Kelsey, *et al.*,                                          Case No. 3:17-cv-0122

        Plaintiffs,

    v.                                                      MEMORANDUM OPINION
                                                                                                                      AND ORDER

Leszek Grabinski, *et al.*,

        Defendants.

## I.    INTRODUCTION

Plaintiffs seek leave to file a Third Amended Complaint, adding additional factual allegations against two of the Defendants, Damiron Transportation Services, Inc., and Mitchell R. Larson. (Doc. No. 104; Doc. No. 105). Damiron and Larson have filed a brief in opposition. (Doc. No. 106). Plaintiffs filed a brief in reply. (Doc. No. 107). For the reasons stated below, Plaintiffs' motions are granted.

## II.    STANDARD

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules

require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

### III. BACKGROUND

On March 12, 2014, Plaintiffs were involved in a significant traffic accident in Sandusky County, Ohio, while traveling eastbound on the Ohio Turnpike. The accident occurred during a snowstorm and ultimately involved over 100 vehicles. Plaintiffs now seek to amend their complaint to add factual allegations concerning the after-effects of a traumatic brain injury Mary Kelsey suffered during the accident.

### IV. ANALYSIS

Damiron and Larson argue I should deny Plaintiffs' motions because the proposed amendments do not meet each of the elements to toll the statute of limitations under Ohio Revised Code § 2305.16 for Mary Kelsey's claims, and therefore the proposed amendments would be futile.[1] (Doc. No. 106 at 5).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

The Sixth Circuit has repeatedly held a Rule 12(b)(6) motion generally is an "inappropriate vehicle" to dismiss a claim based upon a statute of limitations affirmative defense. *Lutz v. Chesapeake*

---

[1] I have not yet set a deadline for amending the pleadings. (*See* Doc. No. 61). Therefore, Rule 16's good cause standard does not apply. *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

*Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir.2012)). Such motions are not successful unless "the allegations in the complaint affirmatively show that the claim is time-barred." *Id.*

Damiron and Larson have not met that standard here. Rule 8 and Rule 12 require only that a plaintiff state a plausible claim for relief. Plaintiffs allege Damiron and Larson negligently caused injuries to Mary Kelsey, including a closed head injury which necessitated "medical and mental health treatment, both inpatient and outpatient . . . ." (Doc. No. 104-1 at 56).

Ohio law tolls a relevant statute of limitations if, "at the time the cause of action accrues, [the claimant is] of unsound mind," or if the claimant "is confined in an institution or hospital under a diagnosed condition or disease which renders the person of unsound mind" after the cause of action accrues. Ohio Rev. Code § 2305.16. In some circumstances, a plaintiff may defeat a defendant's motion for summary judgment based upon the statute of limitations by identifying facts which tend to show that the plaintiff became "of unsound mind . . . simultaneously with the accrual of a cause of action." *Almanza v. Kohlhorst*, 619 N.E.2d 442, 443 (Ohio Ct. App. 1992).

Plaintiffs allege the March 12 accident caused Mary Kelsey to be of unsound mind and to require inpatient medical and mental health care for her condition. Taking these allegations as true, I conclude Plaintiffs plausibly allege facts sufficient to toll the statue of limitations.

## V. CONCLUSION

For the reasons stated above, Plaintiffs' partial motions for leave to amend their complaint, (Doc. No. 104, Doc. No. 105), are granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge